IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATASHO MALONEY,<br>*Plaintiff,* | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 18-CV-3162 |
| | : |
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF<br>PENNSYLVANIA, *et al.,*<br>*Defendants.* | :<br>:<br>:<br>: |

# MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                              **AUGUST 10, 2018**

Plaintiff Atasho Maloney ("Maloney"), proceeding *pro se*, brings this civil action against various entities, including this Court. (ECF No. 2.) By Order entered on July 30, 2018, the Court denied Maloney's first motion for leave to proceed *in forma pauperis* without prejudice because it was nonsensical and failed to provide sufficient financial information. (ECF No. 5.) On August 7, 2018, the Court received Maloney's renewed motion for leave to proceed *in forma pauperis*. (ECF No. 6.) For the reasons set forth, the Court will grant Maloney leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.    FACTS

Maloney has named this Court, the City of Philadelphia, Licenses & Inspections, the "Security Social Administration," and "Identification Evidence" as the Defendants in the caption of his Complaint. (Compl. at 1.) The basis for Maloney's claims consists of disjointed and nonsensical phrases. For example, he states that he was told that he will "never amount to your limit and never will win lottery." (*Id.* at 3.) Maloney was "told that [he will] need a bar number if [he was] going to sue." (*Id.*) According to Maloney, a representative approached him "inside

1

Room 2609 [this Court's Clerk's Office] and told [him] to complete the entire applications [him]self." (*Id.*) This Court "never gave [him] checks one of over $1,000 at Philadelphia, Pa." (*Id.*) Maloney asserts that he requires a bar number to "make [his] road to the United States of America clearer." (*Id.*) He goes on to mention that the "NRA rejected Armor Truck . . ., [and] fuel related violations. Gravity traps of Air Force periods." (*Id.* at 4.) Maloney contends that the "Court had been learned as a goal for marriage . . . always shortly after being born." (*Id.*) He also states that he needs to "prove [his] 'bar number' [through] perfection medical treatment [avoid] surgery recommended of malpractice to close entire case get the case to settle, and obtain gainful employment of other than Legal Aid Med School complete." (*Id.*) As relief, Maloney appears to ask the Court to "give [him] the bar number [he] need[s] to sue" as well as $1,118.00 per month in compensation. (*Id.*).

## II. STANDARD OF REVIEW

The Court will grant Maloney leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Consistent with 28 U.S.C. § 1915(e)(2)(B)(ii), courts are required to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Maloney is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Maloney's Complaint clearly fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. As shown above, the Complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons*, 49 F.3d at 86. The Complaint is based upon a series of disjointed phrases and sentences that do not give rise to a clear basis for a claim against any of the named Defendants.

To the extent Maloney has asserted claims pursuant to 42 U.S.C. § 1983, he has failed to state a claim for relief at this time. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994). The United States District Court for the Eastern District of Pennsylvania is part of the judicial branch of the federal government and is therefore entitled to sovereign immunity absent a waiver. *See Alston v. Admin. Offices of Delaware Courts*, 663 F. App'x 105, 108 (3d Cir. 2016) (*per curiam*) ("The USBCDD is part of the judicial branch of the Federal Government and, absent a waiver, sovereign immunity shields the Federal Government

and its agencies from suit." (quotations and alteration omitted)); *Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) (*per curiam*) (explaining that "[a] Bivens action is not available against the United States or one of its agencies"). Moreover, to the extent "Licenses & Inspections" refers to the Philadelphia agency, it is not a proper defendant because it "lacks an identity separate from the municipality of which it is a part." *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011); see also 53 Pa. Cons. Stat. § 16257; *Thompson v. Police Dep't of Phila.*, No. 10-6083, 2011 WL 4835831, at *2 (E.D. Pa. Oct. 12, 2011); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005). With respect to the City of Philadelphia, Maloney has not stated a basis for municipal liability, which must be based on a policy or custom to state a claim under § 1983. See *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); see also *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was"). Finally, the Court cannot discern how the "Security Social Administration" violated Maloney's rights and cannot discern what "Identification Evidence" refers to.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Maloney leave to proceed *in forma pauperis* and dismiss his Complaint. In light of Maloney's *pro se* status, this dismissal will be without prejudice to Maloney's right to file an amended complaint in the event he can clarify his claims and cure the defects noted above. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**NITZA I. QUIÑONES ALEJANDRO, J.**