# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATASHO MALONEY, *Plaintiff* | : | CIVIL ACTION NO. 18-CV-3162 |
| v. | : | |
| UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA, *et al.*, *Defendants* | : | |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                   **SEPTEMBER 24, 2018**

On July 26, 2018 Plaintiff Atasho Maloney, proceeding *pro se*, filed this civil action against various entities, including this Court. (ECF No. 2.) By Order entered on July 30, 2018, Maloney's first *motion for leave to proceed in forma pauperis* was denied without prejudice for being nonsensical and for failing to provide sufficient financial information. (ECF No. 5.) On August 7, 2018, Maloney filed a renewed *motion for leave to proceed in forma pauperis*. (ECF No. 6.)

By Memorandum and Order entered on August 10, 2018, this Court granted Maloney leave to proceed *in forma pauperis* and dismissed his Complaint, (ECF Nos. 8, 9.), for failure to comply with Federal Rule of Civil Procedure ("Rule") 8(a) "based upon a series of disjoined phrases and sentences that do not give rise to a clear basis for a claim against any of the named Defendants." (ECF No. 8 at 3.) This Court also concluded that Maloney had failed to state a claim for relief under 42 U.S.C. § 1983 because: (1) the Federal Court is entitled to sovereign immunity; (2) "Licenses and Inspections" referred to as a Philadelphia agency, is not a proper defendant; (3) no basis for municipal liability has been alleged against the City of Philadelphia;

and (4) for an inability to discern how the "Security Social Administration" violated Maloney's rights and to what the "Identification Evidence" refers. (*Id.* at 3-4.) Notwithstanding, this Court granted Maloney leave to amend "in the event he [could] clarify his claims." (*Id.* at 4.)

On August 17, 2018, Maloney filed a request for USM-285 forms so that his case could be served. (ECF No. 10.) On August 29, 2018, he filed an Amended Complaint. (ECF No. 12.) In the caption of the Amended Complaint, Maloney names as the Defendant: (1) "$1915 $400 (filing fee and $50 administrative fee = $1515 2 claim to relief dismiss complaint to settle & pick up $1515 per month check for financial institution dismissed disaster, relief 24 hours a day 7 days a week colors complaint dismissed capable of $1513." (Am. Compl. at 1.)[1] However, on the second page, Maloney names the Philadelphia Housing Authority, the Federal Rules of Civil Procedure, PA Department of Revenue, and Temple Foot and Ankle Institute as the Defendants. (*Id.* at 2.) On September 10, 2018, Maloney filed a Statement. (ECF No. 11.) In light of these filings, this Court will construe Maloney's Amended Complaint to consist of the Amended Complaint (ECF No. 12) and the Statement (ECF No. 11). For the following reasons, the Amended Complaint is dismissed.

**I.    FACTS**

Maloney's Amended Complaint consists of several disjoined, nonsensical phrases; *to wit*: that "[w]hat [he] know[s] now to update the Court is compare and contrast statues and dollar signs symbols." (ECF No. 12 at 3.) He alleges that the Philadelphia Housing Authority "didn't keep [him] from trouble such as they Philadelphia Police Department Warrant Unit description police brutality false arrest or improper detention by police excessive force police misconduct, malicious prosecution false or exaggerated charges prisoner neglect & abuse unconstitutional

---

[1]    The Court uses the pagination assigned to Maloney's filings by the CM/ECF docketing system.

search & seizures racial profiling unnecessary use of force, gun or laser United States Marine Corps was involved." (*Id.*) Further, that the PA Department of Revenue and "the married/divorced & wedded" saw what happened. (*Id.*) Maloney contends that he "got gunned in all vital points of need to function at least 24 hours a day seven days a week." (*Id.* at 4.) He argues that he was guillotined and that his head and arms were "chopped off." (*Id.*)

Maloney goes on to allege that he has "stated a basis for municipal liability which was inhe[]rent right of mankind to never encounter crime in any form." (*Id.* at 7.) He believes that the Social Security Administration has "allowed criminal activity to exist too long." (*Id.*) Maloney mentions something about finding the "right bride" for him. (*Id.*) He notes that all his life "parts of [him] have died only for [him] to live again, or do the rebirth of slick things." (*Id.* at 8.). Maloney also contends how on one occasion, a "built stocky man" asked him to display a business license. (*Id.* at 10.) According to Maloney, the man took his photograph and made him "look like some poverty, bozo clown." (*Id.*) Maloney contends that he "had to use Halloween make-up during Christmas Time because [he] wasn't provided Christmas clown make-up due to a lessor budget of business." (*Id.*) Maloney expected the man to make him a license and inspection identification card "on the spot" because he "would've expected [this] from a real showman business." (*Id.*)

As relief, Maloney pleads that Citizens Bank still owes him $225,000.00 "at least according to the process [he has] undergone at 601 Market Street James A. Byrne U.S. Courthouse." (*Id.* at 4.) He writes that "it's [his] time and most know that [he] had some other way in mind to survive be the best." (*Id.*) Maloney argues that a check in the amount of $16,257.00 should be given to him "during September 2018." (*Id.*) He also asks for some sort of savings plan. (*Id.*)

Maloney's Statement consisting of several documents, includes a printout from a "Ticket Management" website, a copy of Maloney's initial Complaint, a copy of an exhibit he previously submitted, information about ear seeds and acupuncture, information about the government assistance he is receiving, and a copy of his identification card. Maloney alleges that "since [he] heard about Commonwealth of Pennsylvania [he] believe[s] you can make up to $20000 more happen for merry company." (ECF No. 11 at 13.) He notes that he is a first time home buyer and asks that Licenses and Inspections be available for hearings. (*Id.* at 14.) Maloney references going to law school "with fill in the answer back to school text book and night court, honor role, $10,000, and perfect hygiene." (*Id.* at 20.) He has "been told the Screen Actors Guild can make [him] be a member again." (*Id.* at 21.) Maloney contends that Rule 8(a) of the Federal Rules of Civil Procedure causes "discrimination of destiny, sex choice of current abstinence and dementia." (*Id.* at 22.)

## II. STANDARD OF REVIEW

Because Maloney was previously granted leave to proceed *in forma pauperis*, this Court is required under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) to dismiss the Amended Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the

Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Maloney is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Further, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 also "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Once again, Maloney's Amended Complaint clearly fails to comply with Rule 8(a). As noted, the Amended Complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons*, 49 F.3d at 86. The Amended Complaint is based upon a series of disjointed phrases and sentences that do not give rise to a clear basis for a claim against any individual or entity. The Amended Complaint rises to the level of being frivolous, as many of the facts alleged "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Any claims that Maloney is attempting to assert against the Federal Rules of Civil Procedure are legally baseless. *See Deutsch*, 67 F.3d at 1085.

Maloney has also failed to state a plausible claim for relief against the three discernible Defendants. With respect to the Philadelphia Housing Authority, Maloney alleges that it failed to keep him from trouble; and that the PA Department of Revenue apparently saw this. To the extent that Maloney is pursuing claims against these entities pursuant to 42 U.S.C. § 1983, the Court cannot discern a plausible constitutional claim for relief from the Amended Complaint. In addition, it appears that the Court lacks jurisdiction over any claims against the Temple Foot and Ankle Institute, as Maloney's Amended Complaint indicates that both he and that entity are residents of Pennsylvania such that diversity jurisdiction would not exist.[2] *See* 28 U.S.C. § 1332(a); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (noting that section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant'" (internal footnotes omitted)). For these reasons, the Amended Complaint is dismissed.

## IV. CONCLUSION

For the reasons set forth, the Court construed Maloney's Amended Complaint to consist of his Amended Complaint (ECF No. 12) and Statement (ECF No. 11). The Amended Complaint is dismissed. Because Maloney has been given an opportunity to amend and has not alleged anything that gives rise to a clear basis for a claim, the Court concludes that further attempts to amend would be futile. Maloney's request for USM-285 forms will be denied as moot. An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[2] The Court cannot discern any federal claim against the Temple Foot and Ankle Institute.